UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONIA HAROLD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9204** |
| **THE CITY OF NEW ORLEANS AND OFFICER KEVIN BOSWELL** | **SECTION "K"(1)** |

ORDER AND OPINION

Before the Court is the "Motion to Dismiss Pursuant to FRCP 12(b)(6)" filed on behalf of defendant Officer Kevin Boswell (Doc. 8). In an Order and Opinion filed October 31, 2008, the Court deferred ruling on that portion of the motion which sought to dismiss plaintiff's claims against Kevin Boswell for failure to plead sufficient facts to state a cause of action and ordered plaintiff to file a "Rule 7(a) reply addressing defendant Kevin Boswell's qualified immunity defense."[1] Doc. 24, p. 5. Having reviewed the pleadings, memoranda, the Rule 7(a) response filed by plaintiff, and relevant law, the Court, for the reasons assigned, **DENIES** the motion to dismiss to the extent that it seeks to dismiss plaintiff's claim against Kevin Boswell for failure to plead sufficient facts to state a cause of action.

LAW AND ANALYSIS

a) Standard for Motion to Dismiss

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings; however, a complaint sought to be dismissed under Rule 12(b) may generally be amended to cure its deficiencies. *Jackson v. Procunier*, 789 F.2d 307

---

[1] Although plaintiff has not specifically alleged that she is suing Officer Boswell in his individual capacity, the Court assumes that to be the case, as must defendant who pleaded qualified immunity as a defense to plaintiff's claim.

(5th Cir. 1986). In *Bell Atlantic Corporation v. Twombly*, \_\_\_\_ U.S. \_\_\_\_, \_\_\_\_, 127 S.Ct. 1955, 1969 (2007) the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Id.* at \_\_\_, \_\_\_\_, 127 S.Ct. at 1969. In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir. 1980).

"[T]o avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Forfis*, 867 f.2d 877, 881 (5th Cir. 1989)). "A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* \_\_\_ U.S. at \_\_\_\_, 127 S.Ct. at 1974.

### b) Qualified Immunity

In response to plaintiff's amended complaint, defendant Officer Kevin Boswell invoked the doctrine of qualified immunity which provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 396 (1982). The doctrine of qualified immunity grants protected government officials immunity from suit, not simply a defense against liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed. 411 (1985). Where, as here, a defendant has alleged the affirmative defense of qualified immunity, the plaintiff bears the burden of demonstrating that qualified immunity is not applicable before the Court can adjudicate plaintiff's claim on the merits. See *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

A plaintiff who sues a public official under 42 U.S.C. §1983, must satisfy a heightened pleading requirement . *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996). To satisfy the heightened pleading requirement, a plaintiff must plead more than conclusions; he must state "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." *Reyes v. Sazan*, 168 F.3d at 161. In order to survive a qualified immunity defense, the plaintiff must allege particularized facts that support his allegations. *Baker v, Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)(holding that when a defendant asserts qualified immunity, a plaintiff must respond by pleading "specific conduct" and action giving rise to a constitutional violation.")

Plaintiff, in her "Response to Motion to Dismiss" (Doc. 25) which the Court construes as plaintiff's second amended complaint, alleges in pertinent part that on December 4, 2006:

- "[a]fter Officer Kevin Boswell and his partner skidded his vehicle to a stop, Defendant drew his weapon and commenced searching private property with neither a warrant nor probable cause to search";
- "Defendant then entered a structure on private property with a drawn weapon without announcing his identify and proceeded to open fire, resulting in the death of the minor"; and

3

- Defendant shot [Terrance Harold ] nine (9) times, including several wounds in the back, continuing to fire after the minor was disabled."

The Court concludes that these allegations are sufficient to satisfy the heightened pleading standard required in cases where a plaintiff sues a public official under 42 U.S.C. §1983 for use of excessive force.  To establish an excessive force claim under §1983, there must be (1) an injury which  (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable.  *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.), *opinion on rehearing*, 186 F.3d 633 (5th Cir. 1999).  "When examining the propriety of qualified immunity from excessive force claims, the Court is faced with the unusual circumstance that the standard for stating a claim, the objective reasonableness of the force exerted, coincides in large part with inquiry for determining qualified immunity, the objective reasonableness of the officers' conduct."  *Heitschmidt v. City of Houston,* 161 F.3d 834, 839 (5th Cir. 1998).  The allegations in plaintiff's response state particularized facts  with respect to a claim for excessive force, which if proven to be true, could defeat a qualified immunity defense.  Specifically, plaintiff alleges that  defendant did not announce his identity prior to opening fire; that defendant shot Terrance Harold nine (9) times, including several wounds to the deceased's back, and that Officer Boswell continued to fire after the minor was disabled.  Based on those allegations, the Court is unable to conclude that either the force exerted or the officer's conduct was reasonable as a matter of law.

 Accordingly,

**IT IS ORDERED** that the motion to dismiss is DENIED  to the extent that it seeks to dismiss plaintiff's claim against Kevin Boswell for failure to plead sufficient facts to state a cause

of action.

    New Orleans, Louisiana, this 11$^h$   day of December, 2008.

                                      STANWOOD R. DUVAL, JR.
                                   UNITED STATES DISTRICT JUDGE