# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONIA HAROLD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9204** |
| **THE CITY OF NEW ORLEANS AND OFFICER KEVIN BOSWELL** | **SECTION "K"(1)** |

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment Pursuant to Rule 56" filed on behalf of defendant and counterclaimant Officer Kenneth Boswell (Doc. 32). No opposition has been filed by plaintiff Tonia Harold, and the deadline for filing an opposition expired more than one week ago. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **GRANTS** the motion to the extent that it seeks summary judgment on plaintiff Tonia Harold's claim against Officer Kevin Boswell and defers its ruling on Officer Boswell's motion for summary judgment with respect to his counterclaims.

### BACKGROUND

Tonia Harold, filed suit against the City of New Orleans[1] and Kevin Boswell, an officer with the New Orleans Police Department, alleging that "[o]n December 4, 2006, Kevin Boswell acting in conjunction with other officers, all of whom were acting under color of law and in the course and scope of their employment did wrongfully deprive plaintiff and her minor son Terrence J. Harold of their civil rights by killing Terrence Harold." Doc. 1. Thereafter plaintiff amended her complaint to allege in pertinent part that Kevin Boswell "did wrongfully violate the Civil Rights of plaintiff

---

[1] The Court previously granted the motion to dismiss filed on behalf of defendant City of New Orleans. Doc. 6.

and her minor son, Terrence J. Harold by repeatedly shooting him in the back, arms, and legs, thereby wrongfully causing his death." Doc. 15. Thereafter, defendant Officer Kevin Boswell filed a counterclaim against Tonia Harold, as the mother of Terrence Harold, a minor at all relevant times, seeking damages for assault and battery and infliction of emotional distress and mental anguish sustained as a result of his being shot by Terrence Harold. Doc. 22.

Officer Boswell seeks summary judgment on plaintiff Tonia Harold's claim against him as well as summary judgment on his counterclaim with respect to the issue of liability.

LAW AND ANALYSIS

a) Standard for Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Mere allegations or denials are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

b) Plaintiff's Claim Under 42 U.S.C. §1983

Plaintiff seeks to recover damages from Officer Boswell pursuant to 42 U.S.C. §1983 alleging that he used excessive force when he shot Terrence Harold numerous times killing him. Officer Boswell supports his motion for summary judgment with his affidavit stating:

> 1. On December 4, 2006, at approximately 7:00 p.m., I was a Police Officer with the New Orleans Police Department assigned to the Crime Abatement Team (CAT) and was on duty and in the course and scope of my official duties.
>
> 2. On said date and at said time my partner, Officer Jones, and I were on patrol in the First Police District and traveling in our police vehicle on Touro Street.
>
> 3. As my partner and I approached the intersection of North Johnson and Touro Street, we observed a black/male, subsequently identified as Terrence Harold ("Harold"), attired in all black clothing, grab his waistband, adjust an object, and make an abrupt turn away from our police vehicle.
>
> 4. At the time, there was no other pedestrian traffic in the area, nor did there seem to be any residents in the area, which was without electricity in the aftermath of Hurricane Katrina and largely if not completely unpopulated.
>
> 5. Thus Harold's actions aroused our suspicions of possible illegal activity.

3

6. I continued down Touro Street and traveled in the direction of Harold.

7. As Officer Jones and I approached the intersection of Touro and North Johnson Streets, we observed Harold run down N. Johnson Street and into the block on N. Johnson Street.

8. I then turned onto North Johnson Street and traveled east, illuminating the sidewalk and alleys with a spot light.

9. At this time, I observed Harold running through a vacant lot and into a rear yard of a dilapidated and seemingly uninhabited building.

10. I stopped the police vehicle and exited, giving chase after Harold, while Officer Jones exited and ran to the corner of North Johnson and Touro Streets in an effort to block off any possible escape route.

11. As I entered the rear yard of the home on Touro Street, I removed my pistol and began using a flash light to search the area of the rear yard. The area was pitch dark but for the limited light provided by my flashlight, which provided a ray of light in front of me.

12. After finding no sign of Harold in the open area of the yard, I radioed to Officer Jones asking him if Harold had exited out of the yard in his direction. Officer Jones responded that Harold had not made it out. It was at this time that I realized that Harold had to be in the backyard with me.

13. I approached the opening of a hot water heater shed located in the rear corner of the lot.

14. Upon illuminating the inside of the shed, I observed Harold in the corner of the shed in a crouched, attack position between two objects.

15. I identified myself as the Police and prepared to take Harold into custody when I immediately and without warning observed a muzzle flash near my face and heard a coupe of loud BANGS!! I realized I was being shot at. I had nowhere to run.

16. As Harold continued to shoot, I returned fire while moving away from the opening of the shed and trying to create cover and concealment from Harold's gunfire as best I could.

> 17. After the shooting stopped, I realized that I had been shot twice, in the upper left arm and ankle. I also realized that Harold had also been shot.
>
> 18. I immediately got on the radio and requested an EMS unit on a Code 3 (emergency, lights and siren) for Harold.
>
> 19. Officer Jones and additional police officers arrived at the scene and Officers Tommy Felix and Leonard Davis transported me to the hospital for treatment of my injuries.

Doc. 32-3. Plaintiff has failed to offer any evidence controverting Officer Boswell's affidavit.

As the United States Court of Appeals for the Fifth Circuit recently noted:

> [t]o prevail on [an] excessive force claim, the plaintiff [] must establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. An officer's use of deadly force is presumptively reasonable when the officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others. The reasonableness of the use of deadly force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. It is a question of objective reasonableness in light of the facts and circumstances confronting the officer, without regard to the officer's underlying intent or motivation.

*Ontiveros v. City of Rosenberg*, ___ F.3d ___, 2009 WL 807450 at *3 (5th Cir. 2009)(internal quotations and citations omitted).

Officer Boswell has submitted uncontroverted, competent summary judgment evidence establishing that Terrence Harold posed a threat of serious harm, that Terrence Harold fired several shots at Officer Boswell before Officer Boswell initiated the use of deadly force, that Officer Boswell was in an unprotected position with respect to Terrence Harold when the shooting began, and that it was dark in the area where the shooting occurred except for the light from Officer Boswell's flashlight. The affidavit is sufficient to establish that Officer Boswell did not used clearly

unreasonable force when confronted by a suspect shooting at him whil he was in an unprotected position with respect to the shooter. Because plaintiff has not produced any competent summary judgment evidence raising a genuine issue of material fact concerning whether Officer Boswell's use of force was unreasonable, Officer Boswell is entitled to summary judgment dismissing plaintiff's claims against him.

### c) Officer Boswell's Counterclaims

Considering the Court's grant of summary judgment with respect to plaintiff's claims against Officer Boswell, the Court will not addresses Officer Boswell's motion for summary judgment on his counterclaim unless counsel for Officer Boswell notifies the Court within seven days that defendant wishes to continue to pursue those counterclaims. Accordingly,

**IT IS ORDERED** that plaintiff Tonia Harold's against defendant Officer Kevin Boswell is dismissed with prejudice.

New Orleans, Louisiana, this 27th day of April, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE